FILED
JAMES CHINI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

08 JAN 30 PM 12: 19

Danny Burgin                    )         No. CR-1-02-88
Petitioner                      )
                                )
                                )                              MG
                                )
v.                              )
                                )
                                )
UNITED STATES OF AMERICA        )
Respondent                      )
                                )

Petitioner's Motion Pursuant To
18 U.S.C. 3582(c)(2) To Modify
And Correct Sentence

As a matter of introduction the pro-se petitioner respectfully moves that this
Honorable Court grant his motion for two-level reduction based upon petitioner's motion
pursuant to 18 U.S.C. 3582(c)(2) to modify and correct sentence based on November 1, 2007
amended Guideline 9.

Reduction of Sentence Based
On Amended 9 Guideline
Amendment (November 1, 2007)

Statutory Authority

The Commission is statutory authorized to determine whether a guideline amendment
that reduces the sentencing range maybe retroactively applied.  Section 994(u) of title
28, United States Code, specifically provides that:

[I]f the Commission reduces the term of imprisonment recommended in the guideline
applicable to a particular offense or category of offense, it shall specify in what cir-
cumstances and by what amount the sentence of prisoner serving Term of Imprisonment for
the offense maybe reduced.

The Revisions To 1B1.10 Violate The Commission's
Statutory Obligations Under Its Enable Statute

1B1.10 is that it violates the Commission's obligations under it enabling statute.
The Commission has already acknowledged that the crack amendment represents only a modest

1

interim measure that does not fully rectify the problem with crack sentences, including
that they fail to meet the sentencing objective set forth by Congress in 3553(a)(2).  In
revising 1B1.10 to restrict a court's ability to even consider this acknowledged failure
of the guideline as amended to satisfy 3553(a)(2) when imposing a new sentence under
3582(c)(2).  The Commission has violated its obligation under 28 U.S.C. 994(a)(2) to write
policy statement that further the purposes set forth in section 3553(a)(2) to write policy
statements that further the purposes set forth in Section 3553(a)(2).  It has also violated
its obligation to establish sentencing policies and practices that assure that the pur-
poses of 3553(a)(2) are met, avoid unwarranted sentencing disparities maintain suffi-
cient flexibility to permit individualized sentences, and reflect advancement in the
knowledge of human behavior as advisory.  Therefore, since the petitioner has a crack
offense under 4B1.1(career offender) or 4B1.4(armed career criminal) and whose sentence
is not necessarily automatically affected by the crack guideline amendment for any other
reason, as here the petitioner still should file a 3582(c)(2) motion.

Nothing in the statutory language requires that the guideline amendment actually
have the effect of lowering a defendant's guideline range before the sentencing Court
can revisit the sentence.  Rather, the statute requires that the defendant's sentence
was based on a sentencing rage that has subsequently been lowed.  All crack sentences
were based on the crack guideline's sentencing ranges because those ranges represented
that the starting point of every sentencing pre- and post- Booker, even if the defendant
was ultimately sentenced under 4B1.4.

In addition, 3582(c)(2) requires sentencing courts to consider all applicable
3553(a) factors.  The Supreme Court recently said that the extent of the difference bet-
ween a particular sentence and the recommended guideline range is surely relevant to a
sentencing decision, **Gall v. United States** 128 S.CT.586, 591(2007).  Given this relevance,
The sentencing Court here is free under 3582(c)(2) to consider the retroactive crack amend-
ment in deciding, for example, whether the advisory sentence under the career offender
guideline is sufficient but not greater than  necessary to satisfy the purpose of sentenc-
ing now that the difference between that sentencing range and the non-career offender
guideline sentencing range for the same crime is even greater than before.

In the case here, of a defendant who has been sentenced to a Term of Imprisonment
based on a sentencing range that has subsequently been lowered by the sentencing Commission
pursuant to 28 U.S.C. 994(c), the Court may reduce the Term of Imprisonment after consider-
ing the factors set forth in Section 3853(a) to the extent that they are applicable, if
such a reduction is consistent with applicable policy statement issued by the sentencing
Commission.

Cocaine Base Sentencing
Two-Level Reduction

### Amendment 9

This proposed Amendment 2D1.1(Unlawful Manufacturing, Importing, Exporting, or
Trafficking(including possession with intent to commit these offense); Attempt or
Conspiracy), to adjust the quantity thresholds for cocaine based(crack) so that the base
offense level for cocaine base, as determined by the drug quantity table is reduced by
two-levels, corresponding to a guideline range that includes the five and ten year man-
datory, minimum Term of Imprisonment for 5 grams and 50 grams of crack cocaine.  Respect-
ively, prior to November 1, 2007, amendment at least 5 grams but less than 20 grams of
cocaine base were assigned a base offense level of 26(63 to 78 months at Criminal History
Category I) and at 50 grams but less than 150 grams of cocaine base were assigned a base
offense level of 32(121 to 151 months at Criminal History Category I) currently under the
proposed amendment these same quantities of cacaine base would be assigned a base offense
level of 24(51 to 63 months a Criminal History Category I) and assigned a base offense
level of 30(97 to 121 months at Criminal History Category I).

In the instant matter based on his plea to crack cocaine the petitioner was sentenced
as a armed career offender at a base offense level of 26(180 to 235 months at Criminal
History V).  Based on November 1,2007 current amendment 9, his base offense level would
be 24(120 to 180 months at Criminal History Category V).

### Guideline Manual Policy Statement

To implement 28 U.S.C. 994(u) and to provide guidance for a Court when considering
a motion under 18 U.S.C. 3582(c)(2), the Commission Promulgated 1B1.10(Reduction in Term
of Imprisonment a result of Amended Guideline Range Policy Statement).  Subsection (a)
of 1B1.10 specifies when an 18 U.S.C. 3582(c)(2) reduction is available.  Where a defendant
is serving a Term of Imprisonment, and the guideline range applicable to that defendant
has subsequently been lowered as a result of an amendment to the guidelines manual listed
in Subsection(c) below, a reduction in the defendant's Term of Imprisonment is authorized
under 18 U.S.C. 3582(c)(2).

If none of the amendments listed in Subsection(c) is applicable, a reduction in the
defendant's Term of Imprisonment under 18 U.S.C. #%*@(c)(2) is not consistent with this
policy statement and thus is not authorized.

Application Note I further states:  Eligibility for consideration under 18 U.S.C.
(c)(2) is triggered only by an amendment listed in Subsection(c) that lowers the appli-
cable guideline range.

Listing an amendment in 1B1.10(c) reflects policy determinations by the Commission

3

that a reduced guideline range is sufficient to achieve the purpose of sentencing and that, in the sound discretion of the Court, a reduction(in the petitioner's case) is warranted. An the Term of Imprisonment maybe appropriate for previously sentence, qualified petitioner here. The background commentary further provides that no authorization of such a discretionary reduction is provided in any other component of the sentence and does not entitle a defendant to a reduced Term of Imprisonment as a matter of right.

Among the factor, considered by the Commission in selecting, the Amendments included Subsection(b) are the purpose of the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under Subsection(b).

In addition to specifying which guideline amendment maybe retroactively applied, consistent with 28 U.S.C. 994(u) and 1B1.10 guides Courts as to the amount by which a sentence maybe reduced under 18 U.S.C. 3582(c)(2) Subsection(b) of 1B1.10 states:

In determining whether, and to the extent, a reduction in the Term of Imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. 3582(c)(2), the Court should consider the Term of Imprisonment that it would have imposed had the amendment to the guidelines listed in Subsection(c) been in effect at the time the defendant was sentenced.

Commentary further directs how a Court should proceed on 18 U.S.C. 3582(c)(2) motions. Application Note 2 states: In determining the amended guidelines range under Subsection(c) the Court shall substitute only the amendment listed in Subsection(c) for the corresponding guidelines provisions that were applied when the defendant was sentenced. All other guidelines application decisions remain unaffected, application Note 3, further provides that [w]hen the original sentence represented a downward departure, a comparable reduction below the amendment guideline range maybe appropriate.

Accordingly, the data, presented above are based on the constraints imposed by 18 U.S.C. 3582(c)(2) and 1B1.10 and it commentary on the extent of any reduction under 3582 (c)(2) to the amendment of the guideline range, subject to the exception stated in the commentary for departure given in original sentence.

Wherefore, the petitioner prays his motion will be granted.

Respectfully Submitted

Danny Burgin
Danny Burgin
Reg. 03605-061
Federal Prison Camp
P.O. Box 6000
Ashland, KY 41105

**Certificate of Service**

I hereby certify that I have caused to be served a true copy of the foregoing upon United States Assistant Attorney, Amul R. Thapar Esq., 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202.  By mailing prepaid mail on this _____25 Th_____ Day of _Jan_ 2008.

Danny Burgin
Danny Burgin