UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-088 |
| | : | |
| | : | **UNITED STATES' RESPONSE IN** |
| v. | : | **OPPOSITION TO DEFENDANT'S** |
| | : | **MOTION TO REDUCE SENTENCE** |
| | : | |
| DANNY BURGIN | : | J. Beckwith |

- - - - - - - - - - - - - - - - - - - -

This defendant has filed a pro se motion to reduce his
sentence pursuant to 18 U.S.C. § 3582(c). The defendant's motion
must be denied because, notwithstanding the guideline amendment,
the amendment does not have the effect of lowering the
defendant's sentence.

Title 18 U.S.C. § 3582(c)(2) limits reductions of sentence
to terms of imprisonment "based on a sentencing range that has
subsequently been lowered by the Sentencing Commission...".
Burgin's sentence was not based on the sentencing range found in
the Guidelines, but on the statutory mandatory minimum set by
Congress which has not been changed.

The Sentencing Commission has not altered and cannot alter a
statutory mandatory minimum sentence, and that mandate continues
to apply. See also § 1B1.10 app. note 1(A) (affirming that "a
reduction in the defendant's term of imprisonment is not
authorized under 18 U.S.C. § 3582(c) and is not consistent with
this policy statement if . . . an amendment does not have the

effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant.  See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).

     In this case Burgin was convicted in Count 3 of the Indictment of a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). These statutes carry a mandatory minimum sentence of fifteen years (180 months) imprisonment.  Burgin was sentenced to 180 months on this count of the indictment and 180 months on Count 1 of the Indictment, a crack cocaine count, both sentences to run concurrently.  Even if the base offense level on the crack cocaine count were to change by virtue of the Amendment, Burgin's Guidelines sentence on that count would not.

     Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the

2

applicable policy statements issued by the Sentencing Commission."  In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states:  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the

amendment did not benefit the defendant given that the maximum
penalty for his offense, bank robbery, was the same under either
definition, and thus the guideline range was the same); United
States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the
district court did not abuse its discretion in denying the §
3582(c)(2) motion, where an alternative means of sentencing
permitted by the applicable guideline produced the same offense
level which applied earlier); United States v. Armstrong, 347
F.3d 905, 908 (11th Cir. 2003) (the district court correctly
denied the motion, where the defendant's offense level was not
altered by the subject of the retroactive amendment); United
States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001)
(district court properly denied motion where the sentence was
actually based on considerations not affected by the retroactive
guideline amendment).

    In this case, the defendant's sentence on Count 1 did not
rest on the provision regarding crack cocaine in Section 2D1.1,
which has been amended.  Under the version of Section 2D1.1 in
effect at the time of sentencing, the defendant's base offense
level for the crack offense was 26; that would be reduced to 24
pursuant to Amendment 706.  However, the defendant was an armed
career criminal, based on his prior convictions and accordingly
his base offense level was increased to 30 pursuant to Chapter 4
of the Sentencing Guidelines.  PSR ¶ 46.  That enhancement is

4

unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing.

In summary, both the statutory minimum sentence, and the operation of Chapter 4 of the Sentencing Guidelines operate to render this defendant ineligible for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). His motion should properly be denied as a matter of law.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/William E. Hunt
WILLIAM E. HUNT (0024951)
First Assistant U.S. Attorney
221 East Fourth Street
Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6710
William.Hunt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 19th day of May, 2008, by regular U.S. Mail on Danny Burgin, #03605-061, Federal Prison Camp, P.O. Box 6000, Ashland, KY 41105.

s/William E. Hunt
WILLIAM E. HUNT (0024951)
First Assistant U.S. Attorney