UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of OHIO
WESTERN DIVISION                 08 MAY 29  PM 1:23

United States of America )
                          )          Case No. : CR-1-02-088
V                         )
                          )          Judge Beckworth
Danny Burgin              )
                          )
                          )

### REPLY MOTION TO U.S. MOTION THAT OPPOSES DEFENDANT'S MOTION TO REDUCE SENTENCE ACCORDING TO 18 U.S.C. § 3582 (c) (2)

I, (Danny Burgin), Defendant has filed a Pro Se Motion to reduce my Sentence pursuant to 18 U.S.C. § 3582 (c)(2).

A District Court is allowed to reduce the term of a previously imposed Sentence of Imprisonment under 18 U.S.C. § 3582 (c)(2)for a Defendant who has been sentenced, based on a Sentencing range that has subsequently been lowered by the Sentencing Commission. According to the facts set out in 18 U.S.C. 3553 (A), **see exhibit (A),** in the United States response, in opposition to Defendant's Motion to reduce sentence, according to 18 U.S.C. § 3582 (c)(2) there wasn't anything said about 18 U.S.C. 3553 (A), also considered the (4) four Supreme Court cases about Sentencing under 18 U.S.C. § 3553 (A). Specifically Kimbrough, Rita, Gall, and Watson are the cases I am referring to. If I was re-sentenced according to those cases, as I have requested to be, I would be able to call witnesses, and produce a Physician; for the relief which I may be entitled to, in the interest of Justice the Defendant submits that his Sentence of (180) one hundred eighty months was Procedurally unreasonable. Because the District Judge failed to consider the facts listed in 18 U.S.C. § 3553 (A) **see exhibits B and C**  U.S. V Jackson 408 F 3D 301, 304 (6th C. 2005).

Wherefore, the Defendant prays that this Honorable Court grant his Motion and appoint him a Defense Counsel presumably available under the Criminal Justice Act, further this proceeding, conduct and evidentiary hearing and further relief which the Defendant may be entitled to in the interest og Justice.

Respectfully Submitted,

Danny Burgin
Danny Burgin

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Reply Motion to U.S. Motion that opposes Defendant's Motion to reduce sentence according to 18 U.S.C. § 3582 (c)(2)** was served this, 22nd day of May 2008 by regular U.S. Mail on William E. Hunt (0024951) First Assistant U.S. Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202

Danny Burgin
03605-061, B-2
Federal Prison Camp/SC
P O Box 6000
Ashland, Kentucky
41105-6000

**(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

  **(1)** in any case—

    **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

      **(i)** extraordinary and compelling reasons warrant such a reduction; or

      **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

  **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**(d) Inclusion of an order to limit criminal association of organized crime and drug offenders.**—The court, in imposing a sentence to a term of imprisonment upon a defendant convicted of a felony set forth in chapter 95 (racketeering) or 96 (racketeer influenced and corrupt organizations) of this title or in the Comprehensive Drug

486

Exhibit A

Number 4                    July 16, 2007                    Volume 4

# RITA  DECISION
# IS                            MADE

The Supreme Court finally made its decision in Rita last month.  In short, the opinion gave a great deal of latitude to federal judges at sentencing, and really constrains the federal appeals court from overruling a sentencing judge's determination of what is reasonable.  A key passage of the Justice Breyer opinion was "[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."

As is often the case, the real meaning of Rita doesn't become clear until we see how Circuit Courts apply it.  A recent Seventh Circuit case does provide great insight.  In US v. Sachsenmaier, No. 05-3505 (7th Cir. June 28, 2007), The Seventh Circuit states "the Supreme Court has now expressly endorsed the rebuttable presumption of reasonableness for appellate review of a district court's sentencing decision.  See Rita v. United States, No. 06-5754, 2007 WL 1772146 (June 21, 2007); United States v. Nitch, 477 F.3d 933, 937- 38 (7th Cir. 2007); United States v. Gama-Gonzalez, 469 F.3d 1109 (7th Cir. 2006). The Rita decision emphasized that this is a standard for appellate review only.  Rita, 2007 WL 1772146, at *9.  The district courts must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence.  If, however, a district court freely decides that the guidelines suggest a reasonable sentence, then on appellate review the defendant must explain why the district court was wrong.

Exhibit B

## IV.  THE SENTENCE IMPOSED WAS SUBSTANTIVELY UNREASONABLE

The Appellant submits that his sentence of 262 months was not reasonable.

**Standard of Review**

This Court reviews imposition of a sentence for reasonableness. <u>United States v. Jackson</u>, 408 F.3d 301,304 (6th C. 2005)

"[A] district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." <u>United States v. Jackson</u>, 466 F.3d 537,539 (6th C. 2006)(internal cite omit)

"In order for a sentence to be reasonable, it must be both substantively reasonable and procedurally reasonable. [cite omit] A sentence is procedurally unreasonable if 'the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" [cite omit] Additionally, the district court, in order to facilitate appellate review, must articulate its reason for choosing a particular sentence, and it must specifically address any argument raised by the defendant at sentencing. [cite omit] A

Exhit C

14

crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."

With respect to the plainness of *Kimbrough* error, the Second Circuit conceded that, before *Kimbrough*, it "tended to discourage" district courts from deviating from the crack guidelines. The court acknowledged that its opinion in *Castillo* "may have been over-read or mis-read to inhibit any deviation," and that "[d]istrict courts may also have been inhibited from exercising their full discretion by the fact that the Sentencing Commission borrowed the 100-to-1 Guidelines ratio from the mandatory minimums for drug offenses decreed by Congress."

"The unusual circumstances surrounding application of the crack Guidelines in the Circuit after *Booker* and before *Castillo* justify a narrow and limited exception to our general rule that sentencing courts are presumed to know and follow the applicable sentencing law," the court said. It decided:

> [W]hen a district court sentenced a defendant for a crack cocaine offense before *Kimbrough*, there was an unacceptable likelihood of error; certainly, the court acted under the influence of a widespread assumption that is now known to be erroneous. Where the defendant failed to argue for such a deviation from the Guidelines range before the sentencing court, it is impossible to know, ex post, whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100-to-1 disparity. . . . While the risk of such error in crack sentences imposed between *Booker* and *Castillo* is not so high as to invariably [establish that district courts did not fully appreciate their discretion to deviate from the crack guidelines] . . . it is sufficiently real to merit identification in individual cases.

**'Prejudice' and 'Public Reputation.'** The court also decided that *Kimbrough* error, like *Booker* error, (1) ordinarily defies analysis for prejudice in the absence of an express statement by a sentencing judge, and (2) that when prejudice does occur, it requires correction on plain-error review. The court said:

> [W]hen the sentencing of a defendant for a crack cocaine offense occurred before *Kimbrough*, we cannot tell whether the district court would have exercised its now clear discretion to mitigate the sentencing range produced by the 100-to-1 ratio. If it would have, an affirmance of the original sentence would "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings," . . . because imposition of a sentence that the district court would not have imposed had it fully appreciated the extent of its discretion would, in our view, "seriously undermine the public's confidence in the judicial process."

On the other hand, *Kimbrough* error is unlike *Booker* error in that the likelihood that a remand will prompt the district judge to increase rather than decrease a sentence is "remote," the court observed. Nevertheless, it imposed a rule similar to one announced in *Crosby* that requires defendants to be given an opportunity to avoid resentencing if they so desire.

**Motions to Reduce Sentence.** The Second Circuit had good news also for defendants whose appeals have already been decided. Section 3582(c) generally provides

that "[t]he court may not modify a term of imprisonment once it has been imposed"; however, subsection (2) authorizes an exception for defendants who have been sentenced to terms of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Under this exception, a district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

On Nov. 1, 2007, an amendment to the crack guidelines went into effect that reduces the crack-to-powder ratio by dropping the sentences for crack by two offense levels. The Sentencing Commission specifically designated this amendment to be retroactive. See "U.S. Sentencing Commission Makes Lighter Crack Penalties Retroactive," 82 CrL 331.

Accordingly, the Second Circuit made clear that "the district courts now have jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) to decide in the first instance whether to modify previously-imposed sentences where the cocaine ranges on which they were based have subsequently been lowered."

To invoke this jurisdiction, defendants need to move for modification of their sentences, but the court also noted that the assistance of counsel with such motions will "presumably" be available under the Criminal Justice Act.

"In deciding whether to modify the sentence, district courts must consider the factors set forth in 18 U.S.C. § 3553(a) anew and in light of *Gall* and *Kimbrough*, and applicable Sentencing Commission policy statements," the court said. As it did when discussing *Kimbrough* remands, the court again pointed out the possibility that a court may decide to increase a defendant's sentence after considering the Section 3553(a) factors.

B. Alan Seidler, New York, argued for the defendant. Stephen A. Miller, of the U.S. Attorney's Office, New York, argued for the government.

**Only Squeaky Wheels Get Grease.** Meanwhile, the Eighth Circuit held March 6 that it too would stick with the approach to plain-error review that the court adopted in the wake of *Booker*.

> **"[W]e conclude, in the posture of this case, remand to consider the applicability of *Kimbrough* is inappropriate."**
>
> JUDGE JAMES E. GRITZNER.

In a very brief discussion of the issue by Judge James E. Gritzner, sitting by designation, the court said:

> At no time prior to this appeal did King raise the issue of the disparity created by the 100:1 crack to powder cocaine quantity ratio. Nor did King ask the district court to con-

Criminal Law Reporter (ISSN 0011-1341) is published weekly, except the second Wednesday in July, the Wednesday following Labor Day, and the Wednesday following Christmas, by The Bureau of National Affairs, Inc., 1231 25th St., N.W., Washington, D.C. 20037-1197. Periodical postage paid at Washington D.C. POSTMASTER: Send address changes to Criminal Law Reporter, The Bureau of National Affairs, Inc., P.O. Box 40949, Washington, D.C. 20016-0949.