**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Danny Burgin, )
)
      Petitioner, ) Case No. 1:02-CR-88
)
vs. )
)
United States of America, )
)
      Respondent. )

O R D E R

This matter is before the Court on Petitioner Danny Burgin's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. No. 46.  For the reasons that follow, Petitioner's motion is well-taken and is **GRANTED.**

In April 2003, the Court sentenced Petitioner to concurrent 180-month terms of imprisonment for possession with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii), and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   Petitioner received a 180-month sentence on the firearms charge because the Court determined that he was an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the U.S. Supreme Court decided that the ACCA's residual clause is unconstitutionally vague and invalidated it.  The Sixth Circuit in In re Watkins, 810 F.3d 375 (6th Cir. 2015), and later the U.S. Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held that Johnson announced a new rule of substantive law that applies retroactively to cases on collateral review.

Consequently, Petitioner is entitled to file a § 2255 motion to challenge the application of the ACCA to increase his sentence.  28 U.S.C. § 2255(f)(3);  Wiegand v. United States, 380 F.3d 890, 891-92 (6th Cir. 2004).

Petitioner's § 2255 motion argues that his predicate convictions no longer qualify as "violent crimes" after Johnson and he contends that he is entitled to relief from the ACCA mandatory minimum sentence.  The government concedes that at least one of Petitioner's prior convictions no longer qualifies as a violent felony and that his sentence on the § 922(g)(1) count was improper.  Doc. No. 52, at 4.  The government, however, argues that the Court should not grant relief to Petitioner because he is still subject to a 180-month sentence on the drug-trafficking charge.

Pursuant to § 2255, however, the Court has discretion to re-sentence Petitioner on both counts of conviction:

> This Court has established that where a defendant is sentenced on multiple counts under the sentencing guidelines, there is often a "sentencing package" where sentences imposed on the multiple counts are interdependent. . . .Therefore, § 2255 gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count.

Pasquarille v. United States, 130 F.3d 1220, 1222 (6th Cir. 1997) (internal citation omitted). In this case, Petitioner's drug-trafficking and firearms convictions were interrelated.  The Court, therefore, will exercise its discretion to re-sentence Petitioner on his § 841(a)(1) conviction as well.

## Conclusion

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence **(**Doc. No. 46) is well-taken

2

and is **GRANTED.**

2. The Probation Department is ordered to prepare an updated presentence investigation report which shall include a review of Petitioner's prison disciplinary record.

3. This matter will be scheduled for a re-sentencing hearing at an appropriate time.

Date June 15, 2016                                         s/Sandra S. Beckwith
                                                                        Sandra S. Beckwith
                                                           Senior United States District Judge